UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN A. CALDEMONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-72 PS |
| | ) | |
| MIAMI CORRECTIONAL FACILITY SUPERINTENDENT, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

John A. Caldemone, a *pro se* prisoner, filed a habeas corpus petition to challenge his November 25, 1997, conviction for attempted murder in the Allen County Superior Court. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit. This is one of those cases because Mr. Caldemone's petition is plainly time barred.

Habeas Corpus petitions are subject to a one year statute of limitations. Here's what the applicable provision says:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

None of the four grounds raised in Mr. Caldemone's habeas corpus petition is based on a newly- recognized constitutional right nor newly-discovered evidence. Nor does he ever suggest that the State of Indiana placed any impediment on him which prevented him from filing a habeas corpus petition. As a result, the deadline to file the habeas petition is determined under § 2244(d)(1)(A) and the tolling provision in § 2244(d)(2).

After his conviction and sentence in the Allen Superior Court, Mr. Caldemone appealed to the Indiana Court of Appeals. In his petition, he indicates that the court affirmed his conviction on December 1, 1998, and he did not seek transfer to the Indiana Supreme Court. [DE 1 at 3]. Pursuant to § 2244(d)(1)(A), the 1-year clock started December 31,1998, when the time to seek a petition to transfer expired. Ind. R. App. P. 57(c)(2). Thus, the deadline for Mr. Caldemone to file this habeas corpus petition ended December 31, 1999.

It is true that Mr. Caldemone filed a state petition for post-conviction relief on July 19, 2000. But by the time Mr. Caldemone filed his state petition for post-conviction relief he had missed the statute of limitations under § 2244(d) by more than half a year. While the filing of the application for post-conviction relief stops the clock, it does not erase the time already accumulated towards the one year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d

Cir. 2000), *cert. denied*, 531 U.S. 840 (2000). Therefore, this habeas petition [DE 1] must be **DISMISSED** as untimely.

**SO ORDERED**.

**ENTERED**: October 8, 2008.   s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT